**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES CARTER,

Defendant-Appellant.

No. 96-3354
(D.C. No. 95-CR-10095-ALL)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Carter entered a conditional plea of guilty to being an accessory after the fact to his son Tony Carter's offense of failure to appear at trial. See 18 U.S.C. §§ 3, 3146(a). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Tony Carter's trial on various drug charges began on August 29, 1995. He appeared during the first two days of trial, and also on the morning of August 31, 1995. However, after the noon recess on the afternoon of August 31, he did not return to the courtroom. Federal marshalls determined that both defendant and Tony Carter were missing. Defendant was apprehended by the marshalls; he admitted that he knew his son was on trial and that he had assisted in his absence from court by driving him to Greenville, Texas on the afternoon of August 31. Defendant was charged with being an accessory after the fact. The district court denied his motion to dismiss the indictment. He entered into a conditional plea of guilty, reserving his right to appeal the denial of his motion to dismiss the indictment. See Fed. R. Crim. P. 11(a)(2).

Defendant's conditional guilty plea does not specify the issue which he has reserved for appellate consideration. At the change of plea hearing, defendant

admitted the facts detailed by the prosecution, with one caveat.[1] His attorney then described the reserved issue as follows:

> [W]hether or not my client aided and assisted in a crime or an offense against the United States, that being a failure to appear or whether or not any of the assistance that my client gave to his son was simply a violation of a bond condition which we submit would not be an offense against the United States but just a violation of the conditions of release.

Supp. R. Vol. I, doc. 36, at 9.

In his opening brief in this court, defendant claimed that the indictment was defective because it did not detail whether the underlying offense was his son's failure to appear at trial, or his original drug crime. The government responded by arguing that the indictment, viewed as a whole, was sufficient. In his reply brief, defendant explained that he does not challenge the language of the indictment. See Appellant's Reply Br. at 4. If defendant challenges neither the language of the indictment, nor the facts underlying his guilty plea, he has no basis on which to bring this appeal.

Moreover, even assuming defendant has not conceded his entire appeal, his arguments on the merits cannot succeed. Defendant's argument that his son's

---

[1] Defendant's counsel stated that there was a factual issue concerning whether the judge ordered all parties to be back for the afternoon session on August 31. We address the merits of this factual dispute infra at page four.

"failure to appear" was merely a bond violation, not a crime, is frivolous. See 18 U.S.C. § 3146(a) (describing offense of "failure to appear"). Although the district court's order setting conditions of release stated that if defendant's son did not appear he might be prosecuted for failure to appear, rather than he would be prosecuted, this is irrelevant to the issue of whether failure to appear was a crime. In light of the promise to appear contained in the order setting conditions for release, defendant's arguments that his son could "voluntarily" absent himself from trial, and that his son was not specifically ordered to appear on the afternoon of August 31, also lack merit. Finally, defendant's argument that failure to appear is a continuing criminal offense, to which one cannot be an accessory after the fact, was not raised in the district court, and we decline to consider it here. See Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1228 (10th Cir. 1996).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-